IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA REID, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-1359-M-BK |
| | ) | |
| BETTY STILES, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-283, this case has been referred to the undersigned for pretrial management. Accordingly, *Defendant Betty Stiles's Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement and Brief in Support Thereof* (Doc. 11) is before the Court for consideration and recommendation. On October 22, 2010, Plaintiff filed a response objecting to the relief sought by the motion. (Doc. 14). After reviewing the pleadings and applicable law, the Court concludes that Defendant's motion should be **GRANTED**.

**I. BACKGROUND**

On July 12, 2010, Plaintiff filed this lawsuit naming the Texas Workforce Commission[1] and Betty Stiles as defendants, and charging violations of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as well as a "deprivation of rights secured by the 5th, 8th, and 14th Amend [sic] Rights of the United States Constitution." (Doc. 1 at 1). In response to the magistrate judge's questionnaire, Plaintiff indicates she is suing Judge Betty Stiles in her individual capacity and seeking monetary damages because Judge Stiles improperly terminated Plaintiff's

---

[1] Plaintiff filed a notice dismissing her claims against the Texas Workforce Commission, (Doc. 9), so her claims against it will not be discussed further.

employment.[2]  (Doc. 6 at 3-4).

On September 10, 2010, Defendant filed her *Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement and Brief in Support Thereof*.  (Doc. 11 at 2).  Defendant argues that Plaintiff has failed to assert any facts that would give rise to Plaintiff's cause of action under section 1983. (Doc. 11 at 2).  Defendant also contends that the alleged facts are insufficient to support a claim for violations by Defendant of Title VII, due process under the Fifth or Fourteenth Amendment, or the Eighth Amendment right to be free from cruel and unusual punishment.  Moreover, Defendant claims that she is entitled to qualified immunity as to the claimed constitutional violations, she cannot be held individually liable under Title VII, and Plaintiff has no cognizable claim for an Eighth Amendment violation.  (Doc. 11 at 2-4, 6-8).  In the alternative, Defendant moves for a more definite statement of the complaint under FED. R. CIV. P. 12(e).  (Doc. 11 at 9-10).

Plaintiff responds that Defendant unjustly fired her for a "no call in," even though Plaintiff properly informed Defendant Stiles's husband that she was taking a day off from work.  She claims this violated her Eighth Amendment rights.  (Doc. 14 at 2-5).

## II.  MOTION TO DISMISS

Defendant first moves to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) on grounds that she failed to state a claim upon which relief can be granted.

---

[2] Per Defendant's motion, "Plaintiff was employed by Johnson County, Texas as Clerk 2 at JP Court No. 4 from April 28, 2008, to October 27, 2009. At all times relevant to this lawsuit, Defendant, Johnson County Justice of the Peace Betty Stiles, has presided over this Court." (Doc. 11 at 1).

A.  **Legal Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, a plaintiff must plead sufficient facts, not mere conclusory allegations to avoid dismissal. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The court must accept those well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation and citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**B. The Intersection of Section 1983 and Title VII**

Defendant contends that Plaintiff's claims against her in her individual capacity should be dismissed because Defendant is entitled to qualified immunity on the constitutional claims, and Plaintiff fails to allege sufficient facts that would entitle her to any relief under section 1983 or Title VII. (Doc. 11 at 4). The Court agrees that dismissal is appropriate in this case.

"Section 1983 provides a remedy only for the deprivation of rights, privileges, or immunities, secured by the Constitution and laws of the United States." Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (internal quotation marks omitted). To state a claim under section 1983, Plaintiff must allege facts that show (1) she has been deprived of a secured right by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Title VII is the exclusive remedy for a violation of its own terms, [but] when a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII." *Southard v. Texas Bd. of Criminal*

4

*Justice*, 114 F.3d 539, 549 (5th Cir. 1997) (alteration in original). Nevertheless, a Title VII claim may not be stated against an individual. *Ackel v. Nat'l Comm., Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003).

Here, Plaintiff alleges, *inter alia*, that she wrongly was fired by Defendant for failing to give proper notice of her intent to be absent from work and that Defendant subsequently refused to discuss the matter with her. (Doc. 6 at 6). Plaintiff also makes conclusory allegations that Defendant engaged in cruel and unusual punishment, committed due process violations, and discriminated against her pursuant to Title VII. However, she fails to proffer any <u>facts</u> that show a violation of Title VII or Section 1983; and such failure is fatal to her claims. *See Iqbal*, 129 S.Ct. at 1949 (a plaintiff must plead sufficient factual matter to state a claim). Because Plaintiff has merely stated conclusory allegations against Defendant without alleging any facts to support her claim, the *Motion to Dismiss* should be granted. Moreover, Plaintiff's Title VII claims against Defendant should be dismissed with prejudice because Defendant cannot be held individually liable under Title VII. *Ackel*, 339 F.3d at 381 n.1.

Finally, Plaintiff's Eighth Amendment claims should be dismissed with prejudice because Plaintiff is not a prisoner. A claim under the Eighth Amendment can only be made by a prisoner. *Hamilton v. Lyons*, 74 F.3d 99, 104 (5th Cir. 1996).

C. **Motion for More Definite Statement/Opportunity to Amend**

Notwithstanding Plaintiff's failure to plead sufficient facts in regard to her due process claims, this Court has been inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See, e.g., Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314 at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600

at *2 (N.D. Tex. Feb. 13, 2001). Courts have typically allowed *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Sims*, 2001 WL 627600 at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal, *see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459 at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314 at *1. Dismissal with prejudice, however, is appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff's response to Defendant's *Motion to Dismiss* does not address her failure to state a claim for which relief can be granted; nor has she moved for leave to amend her complaint. Nevertheless, because Plaintiff might be able to allege a better case against Defendant in relation to her due process claims, she should be accorded one last opportunity to amend her complaint to allege sufficient facts to state a due process claim under section 1983.[3] Accordingly, *Defendant Betty Stiles's Motion for a More Definite Statement* should be granted to that extent.

### III. CONCLUSION

For the reasons set forth above, *Defendant Betty Stiles's Motion to Dismiss and, in the Alternative, Motion for a More Definite Statement and Brief in Support Thereof* (Doc. 11), filed September 9, 2010, should be **GRANTED**. Unless Plaintiff files an amended complaint that

---

[3] Because the Court has determined that Plaintiff should be allowed another chance to allege sufficient facts to show a violation of her right to due process, the Court cannot foresee, and thus does not address, whether qualified immunity will apply to such claim.

states a due process claim against Defendant within the fourteen days allotted for objections to this recommendation, it is recommended that the case against Defendant be **DISMISSED WITH PREJUDICE.**

SIGNED December 17, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE